UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Jarrott A. Cooper**, # 1178499, <br> *aka* Jarrot A. Cooper, | ) | C/A No. 6:06-0096-CMC-WMC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| **P. J. Tanner**, Sheriff of Beaufort County; <br> **Beaufort County Sheriff's Office**; <br> **Beaufort County Drug Task Force**; <br> **Don Annis**, Detective; <br> **David Rice**, Sergeant; <br> **Joey Woodward**, Master Sergeant; and <br> **Walter Criddle**, Sergeant, | ) ) ) ) ) ) ) ) | **Report and Recommendation** |
| Defendants. | ) ) | |

_____

# *Background of this Case*

The plaintiff is a federal detainee at the Charleston County Detention Center. On May 14, 2003, in <u>United States v. Jarrot A. Cooper</u>, Criminal No. 9:03-590-SB-1, a federal grand jury in Charleston indicted the plaintiff in a two-count indictment. Count 1 charged conspiracy to possess with intent to distribute fifty grams or more of crack cocaine and cocaine. Count 2 charged conspiracy to commit a violent crime by the plaintiff's use of a firearm during a drug trafficking crime. At the time of the indictment, the plaintiff (the

1

defendant in Criminal No. 9:03-590-SB-1) could not be located. Hence, on May 15, 2003, the Honorable George C. Kosko, United States Magistrate Judge, issued a bench warrant for the plaintiff. The docket sheet in Criminal No. 9:03-590-SB-1 indicates that the plaintiff was arrested shortly before September 15, 2003. On September 15, 2003, the plaintiff was arraigned before Magistrate Judge Kosko, who entered an order of temporary detention and appointed counsel to represent the plaintiff. Four (4) days later, a detention hearing was held before Magistrate Judge Kosko, who issued an order of detention pending trial.

A jury trial was held before the Honorable Sol Blatt, Jr., Senior United States District Judge, on April 27, 2004. On May 3, 2004, the jury found the plaintiff guilty on Counts 1 and 2. As to Count 1, the jury found that the drug quantity was more than five grams but less than fifty grams. *See* Entry No. 79 in Criminal No. 9:03-590-SB-1. After several postponements and the filing of numerous motions,[1] a sentencing hearing was held on January 11, 2006.

---

[1] The docket sheet in Criminal No. 9:03-590-SB-1 indicates that a major issue was the Probation Office's recommendation for an offense level of 43 pursuant to a cross reference to U.S.S.G. 2A1.1 for murder. *See* the Sentencing Memorandum filed by the plaintiff's counsel in the criminal case (Entry No. 116 in Criminal No. 9:03-590-SB-1). In 1998, the plaintiff had been acquitted, in the Court of General Sessions for Beaufort County, of that murder.

Judge Blatt sentenced the plaintiff to terms totalling three hundred sixty (360) months.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the plaintiff's arrest on the bench warrant issued by Magistrate Judge Kosko. The plaintiff contends that the arrest warrant did not have a judge's signature. The plaintiff also states: "I suffer economic hardship and pain and suffering, Do [sic] to my Incarceration I have lost every thing." In his prayer for relief, the plaintiff writes:

> I Mr. Cooper, am asking this Court for Justice and to Investigate the facts an [sic] evidence, I want the court to reverse the district court decision, to convict and sentence me, on these criminal charges. And reward me financial compensation in the amount that the court deem [sic] necessary, because my CIVIL RIGHTS has [sic] been violated.

(Complaint, at page 6).

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct.

1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2]  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since the plaintiff is challenging matters pertaining to his federal criminal case, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued.  See Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Heck v. Humphrey is controlling in the above-captioned case because the events at issue took place after 1994. In any event, Heck v. Humphrey would apply retroactively. *See* Hooper v. Anderson, 50 F.3d 14, 1995 U.S.App. LEXIS® 676, *4 n. 1, 1995 WESTLAW® 11082 (9th Cir., January 10, 1995)(opinion on rehearing by panel; Heck v. Humphrey applies retroactively), *replacing* unpublished opinion reported in Hooper v. Anderson, 37 F.3d 1505, 1994 U.S.App. LEXIS® 28378 (9th Cir., October 6, 1994); and

Smith v. Holtz, supra (plaintiff's Rule 60(b) motion granted because of decision in Heck v. Humphrey).

Although the defendants are state employees or entities, the undersigned is treating this case as an action under 42 U.S.C. § 1983 and as a Bivens action. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." Wright v. Park, 5 F.3d 586, 589 n. 4, 1993 U.S.App. LEXIS® 25129 (1st Cir. 1993), which *cites*, *inter alia*, Carlson v. Green, 446 U.S. 14, 18 (1980)(restating Bivens rule).

A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See* Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was

brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. *See* Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1994 U.S. LEXIS® 4274 (1994); Bolin v. Story, 225 F.3d 1234, 1241-1242, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000); and Campbell v. Civil Air Patrol, 131 F.Supp.2d 1303, 1310 n. 8, 2001 U.S.Dist. LEXIS® 2542 (M.D.Ala. 2001)(noting that, since courts have expanded the Bivens remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and Bivens).

Heck v. Humphrey, supra, is applicable in both Section 1983 actions and Bivens actions. *See* Stephenson v. Reno, 28 F.3d 26, 1994 U.S.App. LEXIS® 21164 (5th Cir.1994); Best v. Kelly, 309 U.S.App.D.C. 51, 39 F.3d 328, 330, 1994 U.S.App. LEXIS® 28423 (D.C.Cir. 1994); Williams v. Hill, 878 F. Supp. 269, 1995 U.S. Dist. LEXIS® 2979 (D.D.C. 1995)("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241,

his Bivens action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), *affirmed*, 316 U.S.App.D.C. 78, 74 F.3d 1339, 1996 U.S.App. LEXIS® 1554 (D.C.Cir. 1996); and Zolicoffer v. FBI, 884 F. Supp. 173, 1995 U.S.Dist. LEXIS® 5973 (M.D.Pa. 1995). *See also* Parris v. United States, 45 F.3d 383, 1995 U.S.App. LEXIS® 875 (10th Cir.)(Heck v. Humphrey applicable to suits brought under the Federal Tort Claims Act), *cert. denied*, 514 U.S. 1120, 131 L.Ed.2d 871, 115 S. Ct. 1984, 1995 U.S. LEXIS® 3416 (1995); and Williams v. Hill, supra (Heck v. Humphrey applicable to civil "RICO" action filed by a federal prisoner against federal prosecutors and other officials). Hence, Heck v. Humphrey precludes a constitutional challenge to the criminal proceedings in United States v. Jarrot A. Cooper, Criminal No. 9:03-590-SB-1.

  The plaintiff is, hereby, apprised that both state and federal criminal charges may arise from one crime. See Rinaldi v. United States, 434 U.S. 22, 28, 54 L.Ed.2d 207, 98 S.Ct. 81 (1977)("dual sovereignty" doctrine); United States v. Woolfolk, 399 F.3d 590, 595, 2005 U.S.App. LEXIS® 3504 (4th Cir. 2005)(collecting cases); and United States v. Louisville Edible Oil Products, Inc., 926 F.2d 584, 587, 1991 U.S.App. LEXIS® 3371 (6th Cir.)(explaining that the "dual sovereignty" doctrine recognizes the power of state and federal

authorities to bring separate criminal suits against a defendant arising out of the same underlying conduct), *cert. denied*, 502 U.S. 859, 116 L.Ed.2d 140, 112 S.Ct. 177, 1991 U.S. LEXIS® 5460 (1991).

Several defendants in the above-captioned case are immune from suit. Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* Section 23-13-550, South Carolina Code of Laws; 1975 S.C.Att'y.Gen'l.Op. No. 47 (January 22, 1975); and Section 23-13-10, South Carolina Code of Laws, which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See also* Allen v. Fidelity and Deposit Company, 515 F. Supp. 1185, 1189-1191 (D.S.C. 1981)(County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]. Moreover, the Sheriff of Beaufort County, the Beaufort County Sheriff's Department, and the Beaufort County Drug Task Force have Eleventh Amendment immunity. Comer v. Brown, 88 F.3d 1315, 1332, 1996 U.S.App. LEXIS® 17326 (4th Cir. 1996)(suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages to the plaintiff, if awarded in this case,

would be paid by the South Carolina State Insurance Reserve Fund. Comer v. Brown, supra, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

The defendants in the above-captioned case are also entitled to summary dismissal on the basis of quasi judicial immunity because they were executing the bench warrant issued by Magistrate Judge Kosko. Mayes v. Wheaton, 1999 U.S.Dist. LEXIS® 17182, 1999 WESTLAW® 1000510 (N.D.Ill., November 1, 1999)("Judicial immunity extends to all persons performing judicial and quasi-judicial functions, as well as those acting under the orders, or at the discretion, of a judicial officer."), *citing* Forrester v. White, 484 U.S. 219, 226-227, 1988 U.S. LEXIS® 308 (1988). The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel and persons acting at the direction of a court because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" Kincaid v. Vail, 969 F.2d 594, 601, 1992 U.S.App. LEXIS® 17967 (7th Cir. 1992), *cert. denied*, Sceifers v. Vail, 506 U.S. 1062, 122 L.Ed.2d 152, 113 S.Ct. 1002, 1993 U.S. LEXIS® 252 (1993), *quoting* Scruggs v. Moellering, 870 F.2d 376, 377, 1989 U.S.App.

LEXIS® 3635 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989).  *See also* Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  Since all defendants in this case are immune from suit and the plaintiff seeks damages from them, this case is encompassed by 28 U.S.C. § 1915A(b)(2).  Hence, I also recommend that the above-captioned case be

deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  The plaintiff's attention is directed to the Notice on the next page.


January 13, 2006                           s/William M. Catoe
Greenville,  South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**