IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jarrott A. Cooper, | ) | C.A. No. 6:06-0096-CMC-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| P.J. Tanner, Sheriff of Beaufort County; | ) | |
| Beaufort County Sheriff's Office; | ) | |
| Beaufort County Drug Task Force; | ) | |
| Don Annis, Detective; | ) | |
| David Rice, Sergeant; Joey Woodward, | ) | |
| Master Sergeant; and Walter Criddle, | ) | |
| Sergeant, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on January 9, 2006, seeking monetary and injunctive relief for Defendants' alleged violation of his Fourth Amendment rights.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge William M. Catoe for pre-trial proceedings and a Report and Recommendation. On January 13, 2006, the Magistrate Judge issued a Report recommending that this case be dismissed without prejudice and without service of process. The Magistrate Judge also recommended that this case be counted as a "strike" pursuant to 28 U.S.C. § 1915(g). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed "objections" on January 25, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation and citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Plaintiff's "objections" are not legally relevant. Plaintiff's complaint fails to state a viable claim under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Buearu of Narcotics*, 403 U.S. 388 (1971).

IT IS THEREFORE ORDERED that this matter is dismissed without prejudice and without issuance and service of process. This case shall count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

        s/ Cameron McGowan Currie
        CAMERON McGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 3, 2006